SUZANNE M. HANKINS (State Bar No. 157837)
smh@severson.com
JARLATH M. CURRAN (State Bar No. 239352)
jmc@severson.com
SEVERSON & WERSON - A Professional Corporation
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
SEVERSON & WERSON - A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A. and U.S. BANK NATIONAL ASSOCIATION, as Trustee for Citigroup Mortgage Loan Trust Inc., Mortgage Pass-Through Certificates, Series 2006-AR9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET S. WISE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.; U.S. BANK, N.A. AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-AR9; and DOES 1 - 10, inclusive,<br><br>Defendants. | Case No. CV11-8586 CBM (PJWx)<br>Hon. Consuelo B. Marshall<br>Ctrm. 2 - Spring Street<br><br>**REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: February 13, 2012<br>Time: 11:00 a.m.<br>Ctrm: 2<br><br>Complaint Filed: October 17, 2011 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's opposition does nothing to revive the fails theories asserted in her first amended complaint. Specifically, Plaintiff maintains that U.S. Bank lacks authority to enforce the deed of trust. However, the alleged "fact" to support this theory is nothing more than a misunderstanding of how a loan is transferred, the relationship between a loan and the corresponding lien, and the purpose of an assignment of the deed of trust.

Plaintiff's remaining statutory claims fair no better as she is unable to (1) identify a viable claim; or (2) identify damages.

For these reasons, Defendants' motion to dismiss should be granted and the lawsuit should be dismissed with prejudice.

## II. PLAINTIFF IDENTIFIES NO BASIS TO CHALLENGE U.S. BANK'S AUTHORITY TO FORECLOSE

Plaintiff's opposition does nothing more than restate the failed legal theories that, by no means, provide a substantive basis to challenge U.S. Bank's authority under the operative deed of trust.

First, Plaintiff doubles down on her theory that the Loan was transferred to U.S. Bank in violation of both the operative Pooling and Servicing Agreement ("PSA") and New York law because the Loan was transferred into the securitized loan pool after the pool's 2006 "closing date". (Opp., pp. 5-9.) The only factual support for this theory is that the assignment of deed of trust was not executed and recorded until 2011. However, the date the assignment of deed of trust was executed does not, by any means, represent the date the Loan was transferred to U.S. Bank. To the contrary, the transfer of a promissory note is perfected against third parties on the execution and delivery of an assignment of the note (not an assignment of the deed of trust) to the transferee. 10 Miller & Starr, *California Real Estate, Deeds of Trust* (3rd Ed. 2010) § 10:38, p. 128 (citations omitted). The

lien is simply an incident of the debt and the transfer of the note necessarily constitutes a transfer of the lien. *Id.* ("delivery of the promissory note accomplishes the transfer of the security without the necessity of a formal assignment of the trust deed itself.") Recordation of such assignments merely provides constructive notice to third persons as to the current beneficiary of the loan. *Id.* at § 10:39; *see also* Civ. Code § 2934. Plaintiff's inability to understand this law is not grounds to challenge U.S. Bank's authority.

Second, Plaintiff again claims that the untimely transfer of the loan into the securitized loan pool violated the operative PSA. (Opp., 8-10.) As stated in the motion to dismiss, Plaintiff is neither a party nor a third party beneficiary to the PSA. Therefore, she has no standing to seek relief based on a purported violation of that agreement.

Third, Plaintiff takes issue with the notice of default's reference to Wells Fargo, not U.S. Bank. (Opp., 10-11.) Presumably Plaintiff is attempting to imply that the absence of any reference to U.S. Bank shows that U.S. Bank was not the beneficiary. Plaintiff is wrong. The notice of default clearly identifies Wells Fargo as the entity to contact "to find out the amount you must pay, or to arrange for payment to stop foreclosure..." (Notice of Default, RJN, Ex. D.) The notice instructed Plaintiff to contact Wells Fargo, the loan's servicer (Compl., ¶¶18, 31)[1], to, among other things, arrange for payment to stop foreclosure. As servicer, Wells Fargo responsible for handling payments and addressing options to avoid foreclosure. Wells Fargo is best suited to address and resolve any such issues. Plaintiff did not suffer any prejudice as a result of any such alleged error, nor could she. As no prejudice exists, the alleged error does not warrant relief. *See, Aceves v. U.S. Bank* (2011) 192 Cal.App.4th 218, 232 *citing Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 93–94 & fn. 9.

---

[1] Plaintiff even admits to multiple contacts with Wells Fargo regarding modification.

Fourth, Plaintiff attempts to distinguish the holding in *Gomes v. Countrywide* in arguing that the decision is not applicable where the complaint "identified a specific factual basis for alleging that the foreclosure was not initiated by the correct party." (Opp., 12:19-20.) However, Plaintiff provides no "specific basis" to challenge U.S. Bank's authority. Instead, Plaintiff's claim that the Loan was not timely transferred into the loan pool is based on a misunderstanding of how mortgage loans are transferred, the relationship between the loan and the corresponding lien, and the purpose of an assignment of the deed of trust. As such, Plaintiff has identified no basis for her allegation that the foreclosure sale was not initiated by the correct party.

Finally, Plaintiff tries to avoid her obligation to tender by claiming that the tender requirement is inequitable given her claims regarding U.S. Bank's authority. (Opp., pp. 14-15.) As set forth above, the basis for Plaintiff's challenge to U.S. Bank's authority fails as a matter of law. Therefore, she is obligated to tender the requisite amounts and her admitted inability to do so proves the lacks standing to challenge the foreclosure sale.

## III. PLAINTIFF CANNOT SUPPORT A NEGLIGENCE CLAIM AS NO DUTY EXISTS

The sole basis for Plaintiff's belief that Defendants owe her a duty of care is their efforts to "assist and process numerous loan modification application submissions from Plaintiff." (Opp., 7-8.) First, this activity does not exceed the scope of a conventional money lender. *Nymark v. Heart Federal Savings & Loan Assn.*, 231 Cal.App.3d 1089, 1095 (1991).

Moreover, even assuming a duty exists, Plaintiff has not identified a breach. To the contrary, Plaintiff admits that Defendant reviewed several submission of financial information but, in the end, denied Plaintiff's modification request because of a failure to provide the requested information, insufficient income to support the post-modification payment and inability to qualify under investor

1 guidelines. (Opp., 16:12-13.) Plaintiff does not challenge these denials or present any facts to suggest the denials were improper.

For these reasons, Plaintiff's negligence claim should be dismissed.

## IV. DEFENDANTS ARE NOT DEBT COLLECTORS

U.S. Bank is the loan's current beneficiary and Plaintiff presents no rational basis to challenge U.S. Bank's authority. Moreover, it is undisputed that Wells Fargo is the loan's servicer, acting on behalf of U.S. Bank. Therefore, neither U.S. Bank not Wells Fargo are not "debt collectors" under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §1692a(6); see also *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (*citing* S.Rep. No. 95-382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698) (The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include a mortgage servicing company).

Furthermore, Plaintiff still does not identify any collection under than the pursuit of nonjudicial foreclosure, which does not constitute debt collection under the FDCPA. *Saldate v. Wilshire Credit Corp.*, 711 F.Supp.2d 1126, 1132 (E.D. Cal. Feb. 12, 2010) (citing *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008)).

For these reasons, Plaintiff's FDCPA claim must be dismissed.

## V. PLAINTIFF DOES NOT STATE A 15 U.S.C. §1641(G) VIOLATION

Plaintiff admits she was not actually damaged by the purported violation of 15 U.S.C. §1641(g). However, Plaintiff maintains her cause of action by arguing that she is entitled to statutory damages regardless of whether actual damages have been incurred. This, however, is in contradiction to the Southern District of California's ruling in *Beall v. Quality Loan Service Corp*, 2011 WL 1044148, *6 (S.D. Cal. 2011), which has not been distinguished or overruled by a published District Court decision in California.

Plaintiff also challenges Defendants argument that Plaintiff cannot seek damages under Section 1641(g) as only "material disclosures", which does not include Section 1641(g), can lead to liability for damages or rescission under TILA. *See* 15 U.S.C. §§1638 (a)(2)-(6), (9), 1640(a) (hanging paragraph); 12 C.F.R. § 226.23(a)(3) & n.48. Plaintiff argues that damages must be recoverable as Section 1641(g) is a "new" subsection that provides an "additional" disclosure requirement. (Opp., 19:19-21.) This is irrelevant. TILA has a number of disclosure requirements that, if unsatisfied, do not support a claim for damages. If the legislature had determined that Section 1641(g) would be considered a "material disclosure," it would have stated as such in the statutory language.

## VI. PLAINTIFF FAILS TO STATE A RESPA CLAIM

Plaintiff argues that a letter can be considered a "QWR" so long as it includes some statement by the borrower as to why the account is in error. (Opp., 20:7-26.) However, Plaintiff's August 21, 2011 includes no language to satisfy the requirements of what is considered a QWR. Instead, Plaintiff's letter does nothing more than demand information related to the owner of the note and transfers or assignments of the note. (Compl., Ex. G.) As the referenced letter is not considered QWR under RESPA, Plaintiff's claim fails.

Moreover, Plaintiff still does not allege either a purported pattern or practice of violating the statute or actual damage caused by the asserted violation. 12 U.S.C. §2605(f); *Fonua v. First Allied Funding*, 2009 WL 816291, at *3 (N.D. Cal. 2009); *Jones v. Select Portfolio Serv., Inc.*, 2008 WL 1820935, at *9-10 (E.D. Pa. 2008); *Andrew v. Ivanhoe Fin., Inc.*, 2008 WL 2265287, at *6 (E.D. Pa. 2008). Instead, Plaintiff vaguely refers to damaged credit. These damages, to the extent they exist, were obviously caused by Plaintiff's defaulting on her mortgage, not by the alleged failure to respond to Plaintiff's August 21, 2011 letter.

## VII. PLAINTIFF HAS NO CLAIM UNDER BUS. & PROF. CODE §17200 AND NO BASIS TO SEEK AN ACCOUNTING

The alleged UCL violation consist of nothing more than Plaintiff's claim that U.S. Bank is not authorized to pursue foreclosure and the alleged violations of TILA, FDCPA and RESPA. Similarly, Plaintiff's "accounting" request is based on her belief that U.S. Bank is not the rightful beneficial of her loan. For the same reasons stated above, Plaintiff's defective theories of recover cannot support a UCL claim or accounting request.

## VIII. PLAINTIFF'S CONTRACT CLAIMS FAIL

Plaintiff's third (quasi contract) cause of action claims that U.S. Bank and Wells Fargo are not the authorized beneficiary and servicer, respectively under the loan and, as such, must reimburse Plaintiff for the loan payments made to those entities. (Compl., ¶61-65.) As set forth above, Plaintiff has no basis to challenge U.S. Bank and Wells Fargo's authority to enforce the loan terms. Therefore, her third cause of action should be dismissed.

Plaintiff also claims that Defendants violated the loan terms by misapplying payments. (Compl., ¶¶152, 163.) However, Plaintiff identifies no facts to support her claim that payments were misapplied, such as the payments to which she refers. This is not surprising as Plaintiff admittedly defaulted the Loan in 2008 and initiating modification discussions. (Compl., ¶18.) Defendants cannot misapply payments as no payments were made. Moreover, Plaintiff clearly was not performing under the Loan terms and identifies no excuse for her nonperformance.

Moreover, Plaintiff makes no attempt to address applicable law stating that the implied covenant cannot be stretched to prohibit a party from doing that which the agreement expressly permits. *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 374-375 (1992). And, as Plaintiff has not made a payment on the Loan since 2008 (Compl., ¶18.), Defendants are authorized to pursue nonjudicial foreclosure. (Deed of Trust, RJN, Ex. B.)

Similarly, Plaintiff does not address the law stating that tort recovery for breach of the covenant [of good faith and fair dealing] is available only in limited circumstances, generally involving a special relationship between the contracting parties, such as the relationship between an insured and its insurer." *Bionghi v. Metro. Water Dist.*, 70 Cal.App.4th 1358, 1370 (1999); *see Mitsui Mfrs. Bank v. Super. Ct.*, 212 Cal.App.3d 726, 729 (1989). California courts do not invoke a special relationship between a lender and borrower. *See Kim v. Sumitomo Bank*, 17 Cal.App.4th 974, 979, 21 Cal.Rptr.2d 834 (1993) ("the relationship of a bank-commercial borrower does not constitute a special relationship for the purposes of the covenant of good faith and fair dealing"). Thus, no special relationship exists between Plaintiff and Defendants to warrant tort recovery. (See Compl.)

## IX. PLAINTIFF HAS NO CLAIM UNDER CIV. CODE §2923.5

Plaintiff conveniently ignores the Federal Court's refusal to find a private right of action under Civil Code §2923.5.[2] See *Gaitan v. Mortgage Elec. Registration Sys.* 2009 WL 3244729, *7(C.D. Cal. 2009) ("Section 2923.5 contains no language that indicates any intent whatsoever to create a private right of action. As such, the Court concludes that section 2923.5 does not contain such a right, and that amendment of the claim would be futile."); *Kuoha v. Equifirst Corp.* 2009 WL 3248105, *4-*5 (S.D. Cal. 2009). For this reason alone, Plaintiff's Section 2923.5 claim fails.

More importantly, even assuming the Court follows the decision of *Mabry v. Superior Court*, 185 Cal.App.4th 208 (2010), which holds that there is a pre-foreclosure private right of action under section 2923.5, Plaintiff's claim still fails. Plaintiff concedes that, starting in 2008, she initiated loan modification efforts with Wells Fargo, submitted documentation and received multiple denials. (Compl.,

---

[2] *Mabry v. Superior Court* 185 Cal.App.4th 208 (2010), holds that there is a pre-foreclosure private right of action under section 2923.5. This decision is binding on all California state trial courts.

¶18.) This concession proves that Section 2923.5 was not violated. *See Davenport v. Litton Loan Servicing* 725 F.Supp.2d 862 (N.D. Cal. 2010) (Under California law, loan servicer satisfied requirement to contact defaulting mortgagor before proceeding with non-judicial foreclosure sale, where servicer discussed modification with mortgagor and her counsel but ultimately rejected the possibility of modification.)

## X. CONCLUSION

Based on the forgoing, Defendants respectfully request that the Court grant their motion to dismiss with prejudice.

DATED: January 30, 2012

SEVERSON & WERSON
A Professional Corporation

By: */s/Jarlath M. Curran II*
SUZANNE M. HANKINS
JARLATH M. CURRAN
Attorneys for Defendants
WELLS FARGO BANK, N.A. and
U.S. BANK NATIONAL
ASSOCIATION, as Trustee for
Citigroup Mortgage Loan Trust
Inc., Mortgage Pass-Through
Certificates, Series 2006-AR9

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Irvine, California. My business address is Severson & Werson, 19100 Von Karman Avenue, Suite 700, Irvine, California 92612.

On the date below I served the within document(s) described as: **REPLY TO OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT** on the interested parties in this action:

☒ by placing ☐ the original ☒ true copy(ies) thereof enclosed in sealed envelope(s) ☒ addressed as follows: ☐ address as stated on the attached mailing list.

Deborah P. Gutierrez, Esq.  
Gordon F. Dickson, Esq.  
PROSPER LAW GROUP LLP  
6100 Center Drive, Suite 1050  
Los Angeles CA 90045

Attorneys for Plaintiff  
MARGARET S. WISE

☐ **BY FEDERAL EXPRESS** - by depositing copies of the above document(s) in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for.

☐ **BY HAND** - I caused an enveloped to be delivered by hand to the addressee(s) as follows.

☒ **(BY ELECTRONIC SERVICE)** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 30, 2012, at Irvine, California.

By: _____  
LINDA D. OWEN